## J. W. STEINBECK v. WM. STONE.

*(Case No. 3058.)*

1. DESCRIPTION. — The description of land in an instrument purporting to convey it is sufficiently certain if it states the name of the tract and county in which it is, and refers, for specific description, to deeds of record in which the land is clearly described.

2. EVIDENCE. — In a suit to foreclose a vendor's lien, the fact that a note offered in evidence corresponds in date, parties and amount with one recited in the deed as having been executed by the purchaser for the land, is *prima facie* evidence that it is the note executed for the purchase money.

3. STATEMENT OF FACTS. — When a statement of facts is signed by the presiding judge only, without any reference being made to disagreement in regard thereto by the attorneys for the parties, it will be presumed that the contingency had occurred which authorized the judge to make out and certify the statement of facts.

ERROR from Limestone.   Tried below before the Hon. D. M. Prendergast.

Suit by Wm. Stone, begun on the 28th of January, 1875, alleging that J. W. Steinbeck was indebted to him on a promissory note for $1,875, due January 1, 1875, bearing ten per cent. interest from January 1, 1873, payable to B. D. Scott or order; that for a valuable consideration the note was indorsed

to petitioner; that Steinbeck thereby promised to pay to Scott the sum mentioned, or to his order; that no part of the note had been paid; that the note was given for land sold by Scott to Steinbeck, on the first day of January, 1873. The note is set forth in the petition, and it recites the consideration of the note as alleged, and refers to the deed from Scott to Steinbeck as being of same date with the note. The petition alleged the vendor's lien was retained in the deed on the land sold, and a certified copy of the deed was attached to the petition and made an exhibit and a part of it. He prayed for judgment on the note and for a foreclosure of the lien on the land described in the exhibit.

Defendant filed a general demurrer and general denial.

A judgment was rendered in favor of Stone for the amount of the note and interest, and for a foreclosure of the lien on the land, the decree containing the field notes of the exhibit.

The description of the land will be found set forth in the opinion.

*Herring & Kelley* for plaintiffs in error.

I. The exhibit to the petition, to which reference is made for a description of the land, does not identify or describe any particular tract of land, and hence the petition is insufficient in law. Pressley *v.* Testard, 29 Tex., 201; Murry *v.* Land, 27 Tex., 90; Davenport *v.* Chilton, 25 Tex., 519.

II. The deeds referred to in the exhibit to the petition were not plead with sufficient certainty to allow the introduction of them as evidence. The petition referred to the exhibit for description of the land. The exhibit contained no description of any particular land whatever, but referred to three other deeds, one of which was recorded in Book N, pp. 690 and 691 of McLennan county deed records, and the other two recorded at random in the clerk's office of McLennan county.

III. The court erred in rendering a decree of foreclosure of the lien on the land mentioned in plaintiff's petition, because

it does not appear that the note sued on was given for the land mentioned in the petition.

IV. A statement of facts made up and signed by the judge, which does not show it was so made and signed because the parties or their attorneys could not agree on the facts, will be regarded as a statement of facts. Darcy *v.* Turner, 46 Tex., 30, and authorities there cited.

V. Under the authority of Howard *v.* North, Stone as vendor would not be allowed to say that the description contained in his deed to Steinbeck was not sufficient to pass the title; but that according to the decisions heretofore referred to by us, the description of the land contained in the decree was too vague and indefinite to identify any particular tract of land. That in selling under an order of sale based upon said decree, the sheriff would not know what land he was selling, and hence the same would be sacrificed with the judgment still unsatisfied.

*Thomas Moore* and *Walton, Green & Hill* for defendant in error.

I. A deed which refers to other deeds and their place of record for description, is a good deed. Dunnegan *v.* Butler, 25 Tex., 501; Early *v.* Sterrett, 18 Tex., 116; Berry *v.* Wright, 14 Tex., 273; Camley *v.* Stanfield, 10 Tex., 550; 12 Ga., 431; 4 Mass., 190; 10 Ohio, 312; 6 Cal., 156; 13 Cal., 490; id., 536; 24 Ind., 345.

II. When the note offered in evidence recites that it was given for a part of the purchase money for land sold by deed of same date with the note; and when the deed offered in evidence bears the same date, specifies three notes, one of which is for the amount sued on, and payable at the time the note sued on is payable, this is sufficient evidence for the jury to find that the note was given for the land described in the petition.

III. A deed referring to other deeds, giving names of grantors and grantees, dates of deeds and place of record, for description of land, is good, and a decree containing such description is good.

IV. When a case is tried by a jury, the question of sufficiency of evidence to support the verdict cannot be raised in the supreme court unless there has been a motion for a new trial in the lower court. Hart *v.* Ware, 8 Tex., 115.

V. If the description of the land in the decree of foreclosure is the same with that contained in the deed from Scott to Steinbeck, it is a sufficient description as against Steinbeck. Howard *v.* North, 5 Tex., 312.

BONNER, ASSOCIATE JUSTICE.— It is contended by defendant in error that there is no sufficient statement of facts in this. case, because the same was signed by the presiding judge only, and it does not appear that there had been any disagreement of counsel.

It has been decided by this court, that in such cases it will be presumed that the contingency happened which, under the statute, authorized the judge presiding to make out the statement alone. Darcy *v.* Turner, 46 Tex., 30.

It is assigned as error that the court erred in overruling the demurrer of the defendant.

The propositions under this assignment are:

*First.* The exhibit to the petition, to which reference is made for description of the land, does not identify or describe any particular tract of land, and hence the petition is insufficient in law.

*Second.* The deeds referred to in the exhibit to the petition were not pleaded with sufficient certainty to allow the introduction of them as evidence.

The description of the land referred to is as follows: "It being and lying situated in McLennan county, state of Texas, being the west portion of the original Gill place, or all of that land that was deeded to W. Scott by Mrs. S. H. Gill, January 9, 1871, said deed filed for record January 18, 1871, and recorded in McLennan county deed book N, pp. 690, 691, January 21, 1871, except so much of said tract, to wit: 177 acres that were deeded to R. F. Scott, of Harrison county, Texas,

25

as shown by deed from W. Scott to said R. F. Scott; and for a more particular description of the land hereby conveyed to said Steinbeck, reference is here made to the two deeds herein mentioned, and also to deed from W. Scott to B. D. Scott, all of which are recorded in the clerk's office of McLennan county."

In Norris v. Hunt, 51 Tex., 614, it is said that the true rule deduced from the authorities as to certainty in the description of land is, that it should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty.

Tested by this rule we think the description in this case sufficient. The county in which the land is situated and the name of the tract are given, and three recorded deeds are referred to for more particular certainty. Berry v. Wright, 14 Tex., 270; Early v. Sterrett, 18 Tex., 116; Kingston v. Pickins, 46 Tex., 99; Ragsdale v. Robinson, 48 Tex., 379; Wilson v. Smith, 50 Tex., 365.

The other error assigned is, that the court erred in decreeing a foreclosure of the lien on the land mentioned in plaintiff's petition for the following reasons:

*First.* Because it does not appear that the note sued on was given for the land mentioned in the petition.

*Second.* Because the land mentioned in the petition and the deed offered in evidence to sustain the same is too vague and indefinite, and describes no particular tract of land with such certainty as that an officer with an order of sale following said allegation and evidence, or a purchaser thereunder, could find said tract of land.

The second proposition has been disposed of above.

As to the first, it is sufficient to say that the note offered in evidence corresponded with that described in the petition and recited in the deed, and this was *prima facie* evidence that it was the same which was given for the land.

AFFIRMED.

[Opinion delivered May 28, 1880.]