R. S. LEE ET AL. V. JOHN B. STONE.

(No. 2319, Op. Book No. 2, p. 642.)

APPEAL from Travis County. Opinion by WATTS, J.

§ 1277. *Appeal bond from justice's court; conditions of; when in substantial compliance with the statute, will be sufficient.* The statute prescribes the conditions of the appeal bond as follows: " Conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal " [R. S. 1639], while the conditions of the bond in this case are as follows: " Shall prosecute their

appeal to effect, and shall pay and satisfy the judgment or decree that may be rendered against the obligors on this bond." Upon an appeal to the county court the trial is *de novo*, but if the judgment is in favor of the appellee, then the judgment ought to be against the appellant and the sureties on the appeal bond. The legal effect is that the judgment is against the obligors on the bond. There is no conceivable difference in the legal effect of the obligation, whether it be in the terms of the statute or the language of the bond before us. Either way the sureties are bound to pay the judgment that may be rendered against the appellant. The obligation of the surety is precisely the same. The appeal bond in this case was a substantial compliance with the statute, and was sufficient, and the court erred in holding otherwise and dismissing the appeal.

§ **1278.** *Statutory bonds; duty of party preparing a bond.* When the conditions of a statutory bond are clearly and definitely stated in the statute, if the bond does not literally follow the statute, it must fully and clearly embrace all the conditions prescribed by it. [Reid v. Fernandez, 53 Tex. 382.] Those desiring to secure the benefit of an appeal ought always to consult the statute, and in perfecting their appeal comply strictly with its provisions. By doing so the rights of the client are not jeopardized, and the courts will be freed from a mass of vexatious questions which ought not to be brought before them. All the requisites of the statute are so easily understood and complied with, that if parties would take the precaution to examine the statute and literally follow its terms, there could not be any doubt. Besides, it is just as easy to follow the language of the statute as it is to give its substance.

June 21, 1882.        Reversed and remanded.