The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## GALVESTON DRY GOODS CO. v. KEMPNER et al.

### No. 9779.

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1932.

Rehearing Denied Jan. 12, 1933.

Earle P. Adams, of Austin, and McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellant.

S. A. Denny and D. A. Nunn, both of Crockett, for appellees.

GRAVES, J.

The sole question this litigation presents is: Which side has the title to the 95.2 acres of land in the Stillwell Box league in Houston county that stood in Lang Smith on March 9, 1915, he being admittedly not only the common source of title thereto between the parties, but also both claiming solely under him. It is therefore only necessary to determine which has the better right so emanating. Vernon's Annotated Civil Statutes, art. 7382, and authorities cited in footnotes.

The appellees Kempner have by about seven years the older chain of title from Lang Smith; it being in material substance this: On March 9, 1915, Lang Smith conveyed the land to R. C. Paul by a deed which was never recorded, it having been lost or destroyed, in part consideration for Paul's three vendor's lien notes in the sum of $250 each, payable on or before January 1st of 1918, 1919, and 1920, respectively; the vendor's lien being expressly reserved to secure the payment thereof. Thereafter, in due course of trade, for a valuable consideration, and before the maturity of such notes, about May 2d of 1918, these three notes, together with "all right, title and interest in the land," were duly assigned and transferred in writing by Lang Smith to Kempners, which transfer and assignment was duly recorded among the deed records of Houston county on the 3d day of May, 1918, in Book No. 85, page 376; a description of the land and the notes being as follows: "Three notes of R. C. Paul, dated March 9th, 1915, aggregating $750.00, part purchase money for a certain lot or parcel of land situated in Houston County, Texas, out of and a part of the Stillwell Box League of land, being designated as 'First Tract,' and out of a 200 acre survey of S. F. Goodwin to J. J. Woodson."

Thereafter the Kempners regularly foreclosed, as it stood on March 9, 1915, the lien upon the land so acquired by them as against both Lang Smith and R. C. Paul, the appellant here not being a party to the proceeding, and bought in the land under a judgment and sale under such foreclosure proceeding on April 1st of 1924; the deed to them going to record among the deed records of Houston county on April 4th of 1924.

The junior claim of appellant dry goods company under Lang Smith is as follows: On December 30th of 1921, Smith, by deed duly filed for record in the deed records of Houston county on January 27th of 1922, conveyed the 95.2 acres to D. C. Lawson for $2,500, $500 in cash and trade, and $2,000 in Lawson's two vendor's lien notes for $1,000 each, due January 1st of 1923 and 1924, respectively, to secure the payment of which a vendor's lien was expressly retained. Thereafter, on January 20th of 1922, Smith, for a valuable consideration, in writing, transferred and assigned these two notes and the lien on the land so expressly retained to secure them to the appellant, which assignment was duly filed for record in the proper records of Houston county on January 26th of 1922.

Thereafter, on August 3d of 1923, D. C. Lawson, the grantee in this deed of December 30th of 1921 from Lang Smith, conveyed the land to the appellant dry goods company in consideration of the cancellation of these two $1,000 vendor's lien notes that had been so transferred to it by Smith, by deed that was duly filed in the proper records of Houston county on August 10th of 1923.

The controlling legal inquiry is whether or not, in the state of the record recited, the appellant, when it came, on January 20th of 1922, to acquire the assignment from Lang Smith it so did on that date and the subsequent deed it did from Lawson on August 3d of 1923, was affected with constructive notice of the appellees' claim to the land under the prior assignment to them from Lang Smith of May 3d of 1918. The learned trial court held that it was as a matter of law, and adjudged the title of the land in consequence to be in appellees; at the same time finding on the facts that appellant had acquired the Lawson notes and lien and subsequent deed from him for a valuable consideration, without actual notice of either the unrecorded deed from Lang Smith to Paul or of the so recorded transfer of the lien retained therein from Smith to Kempners.

This court agrees with that legal conclusion. The appellant inveighs against it mainly on the grounds that the appellees' prior and duly recorded assignment was not in its own chain of title, and that the quoted description therein of the land was not such that it could be identified without the aid of other instruments not referred to in the assignment.

The first of these objections is answered by the consideration that the assignment was a link in its chain of title and should have been so shown in its abstracts. Since Lang Smith was the acknowledged common source of title between it and its adversaries, such a transfer from him, expressly conveying all the interest he had in the land, that is, only the superior title held by him as security for the payment of the notes, amounted in substance if not in form to a deed, and, being recorded, constructively at least bound appellant by its recitals. R. S. articles 6627 and 6646, Wooten Grocer Co. v. Lubbock State Bank (Tex. Com. App.) 215 S. W. 835, Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54, Wilkerson v. Ward (Tex. Civ. App.) 137 S. W. 158, writ of error denied, Adams v. Williams, 112 Tex. 469, 248 S. W. 673 (Commission of Appeals).

The second one, relating to the description, is disposed of by this fully supported finding of the trial court: "Eighth: That the plaintiffs (appellant) at the time of the transac-

tion with Lang Smith and D. C. Lawson had in their possession the three abstracts of title to the land in controversy, two prepared by Aldrich & Crook, lawyers and abstracters, and the other prepared by Moore and Ellis, lawyers and abstracters, which gave the history of the deeds relating to the land in controversy from the sovereignty of the soil down to R. C. Paul and Lang Smith. The deed of R. C. Paul to Lang Smith conveying the land in controversy, which was introduced in evidence, under whom plaintiffs claim, described the land as being out of the Stillwell Box League of land, and a part of the tract of land that was allotted to one Kissïah Goodwin and as being the North half of 200 acres deeded to John J. Woodson by Samuel F. Goodwin, as administrator, on April 20, 1872, by deed duly recorded in Book T, page 177, of the Houston County Deed Records and as subsequently conveyed by the said John J. Woodson to the Houston and Great Northern Railroad Company on June 27, 1874, by deed duly recorded on February 19, 1884, in Book No. 5, page 495–6, of the Deed Records of said Houston County and referring to other deeds, as shown in the abstracts of title above mentioned."

The other matters discussed in the briefs do not require detailed discussion, since what has been said determines the merits of the appeal and requires an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.