**LASATER et al. v. HINSON.**

**No. 13175.**

Court of Civil Appeals of Texas. Fort Worth.

May 24, 1935.

Rehearing Denied July 13, 1935.

Baskett & Parks, of Dallas, for appellants.

Marshall & King, of Graham, for appellee.

LATTIMORE, Justice.

This appeal rests on notice by recordation. In 1923 Weems and Thompson conveyed to E. W. Lasater, appellant, "All that certain lot, tract or parcel of land containing 320 acres more or less, known and designated and shown upon the map of the lands of the Peters Colony, or Texas Immigration and Land Company on file in the General Land Office of the State of Texas, survey No. 296, abstract No. 543, patented January 2, 1858, by State of Texas, to said Texas Immigration & Land Co. by patent No. 296, vol. 14, which said patent is referred to and made a part hereof for better description, and being the same land conveyed to H. K. Weems, and Ben Thompson by John D. Mae, Helen and Gladys Dunlap, dated September 17th 1919, and recorded in vol. 80, page 231, of the deed records of Young County, Texas, said tract of land situated in Young County, Texas." This 320-acre tract is the entire T. E. & L. survey No. 296. The deed was duly recorded.

Thereafter, in 1929, Lasater mortgaged for a loan of $1,700 by the Federal Land Bank "the west 120 acres of T. E. & L. Co. Survey No. 296, abstract No. 543, situated in Young County, Texas." The mortgage was duly recorded. Lasater, in 1924, sold the remaining 200 acres to Gameson by a duly recorded deed.

In September, 1929, Lasater deeded to Mrs. Ida Hutton, reciting $10 cash and cancellation of some notes, "all that certain 120 acres of land situated in Young County, Texas, and being the same land conveyed to E. W. Lasater by Mrs. Ella Weems and Ben Thompson out of the T. E. & L. Survey to which reference is here made, for more accurate description, subject to $1,700.00 note payable to the Federal Land Bank, Houston, Texas." The deed was filed for record February 14, 1930.

In April, 1929, appellee acquired, at execution sale under a judgment Graham v. Lasater, "West 120 acres of T. E. & L. Company Survey No. 296, abstract No. 543 in Young County," which deed the trial court held superior to Mrs. Hutton's deed, holding that the latter was not notice be-

cause of an insufficient description of the land in the Hutton deed.

Hinson had notice of the facts which the deed to Lasater in 1923 gave him concerning this 120 acres and such facts as the recorded deeds executed by Lasater thereafter covering this west 120 acres gave him.

■ Let us put ourselves in the place of Hinson, the prospective purchaser at an execution sale against Lasater: He finds the deed in 1923 from Weems and Thompson by which Lasater acquired the entire 320-acre survey. Proceeding by the indices which the statute has ordered the county clerk to keep for his guidance, articles 6597, 6598, 6601, he will run the alphabetical index for Lasater's name among the grantors; he will thus learn that this identical 120 acres had been mortgaged to Federal Land Bank, Houston, Tex., to secure a $1,700 note; searching the grantor index further, he discovers a deed to Ida Hutton, which deeds land described both as 120 acres and as the land received from Weems and Thompson, which is the entire 320 acres, but he also reads that this land so conveyed to Ida Hutton is subject to a $1,700 loan by the Federal Land Bank, Houston, Tex. Conceding, but not deciding, that the deed would otherwise be ambiguous to the degree that it would not be notice, this recitation pointing directly to the deed of trust held by the Federal Land Bank, which deed of trust unmistakably described the very 120 acres then advertised for sale by the constable under the Graham judgment, we think is notice to the purchaser at that execution sale that such tracts of 120 acres each are one and the same. Steinbeck v. Stone, 53 Tex. 382; Delay v. Truitt (Tex. Civ. App.) 182 S. W. 732. An ambiguity which points to one of two tracts, one of which includes the other, may not be relied on by a purchaser of the smaller as no notice to him of the title in such grantee.

In Carter v. Hawkins, 62 Tex. 393, it is said:

"The principle is that the subsequent purchaser has notice of that only which appears upon the face of the recorded instrument. In all the cases cited above, there was nothing appearing upon the face of the deeds as registered that could possibly lead a purchaser to suppose that the property intended to be included in the instrument was different from that which was actually described in the record book.

"But the case is different when the description is ambiguous, or inconsistent the one part with another; the first declaring that the land mortgaged is that which the purchaser proposes to buy, and then giving such particulars as to its boundaries as would place it upon a different tract.

"That is the present case.

"Here it cannot be said that there is a substantial variance between the land described and that actually mortgaged. The east half of the tract conveyed by Robey to Hawkins is included in the tract which the latter proposed to sell to Haney; the lines mentioned in the mortgage would not include this half or any other part of the tract. One examining the record would therefore be in doubt—to state the case most favorably for the purchaser—whether the mortgage embraced the one tract or the other. In such case the record would naturally excite inquiry as to which of the tracts of land the mortgage was intended to cover. In that event it becomes the duty of the purchaser to pursue the inquiry till the doubt is removed. Wade on Notice, § 183. * * *

"But whether this be so or not when the erroneous description stands alone, it certainly is true where the mistake is plainly to be discovered from a previous full description of the premises mortgaged, taken in connection with a subsequent uncertain and improbable one, as attested by the language of the description itself, and confirmed by the necessary knowledge of the purchaser acquainted with the situation and surroundings of the property.

"A purchaser examining a recorded instrument must look to all its parts and not content himself with so much as will by itself give him no notice, when the remainder contains statements which would put him upon further inquiry as to the title."

■ Carter v. Hawkins, supra, is cited with approval in G., C. & S. F. Ry. v. Gill, 86 Tex. 284, 286, 24 S. W. 502, 503. The plain effect of article 6646, R. S., is to put a would-be purchaser upon notice of the recitals in the recorded deeds and mortgages given by his prospective grantor. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875; Leonard v. Benfford Lumber Co., 110 Tex. 83, 216 S. W. 382. See, also, Galveston Dry Goods Co. v. Kempner (Tex. Civ. App.) 56 S.W. (2d) 888, in which Smith, the common

source of title, sold by an unrecorded deed reserving vendor's lien notes, which notes and lien were thereafter assigned of record, and thereafter Smith executed deeds conveying the security real estate to purchasers for value without actual knowledge of the notes, and it was held that such purchasers were charged with notice of the notes and superior lien.

The judgment of the trial court is reversed and here rendered that appellee take nothing by his suit.