## COOPER et al. v. FIRST STATE BANK OF CHILTON.

### No. 1857.

Court of Civil Appeals of Texas. Waco.

Nov. 3, 1938.

Bartlett, Carter & Rice, of Marlin, and Nat Harris and Mabel Grey Howell, both of Waco, for appellants.

Cecil R. Glass, of Marlin, for appellee.

GEORGE, Justice.

Appellee, the First State Bank of Chilton, Texas, filed suit against appellants, M. A. Cooper and The Cooper Company, Inc., in trespass to try title to 55 acres of land, more or less, in the George Allen League in Falls county, Texas, and in the alternative, to establish its lien as a paramount lien on the property in controversy to secure the full amount of a $2800 note. J. B.

Landrum intervened. On a trial before the court judgment was rendered that plaintiff recover the title and possession of such tract of land; hence this appeal by appellants.

It was agreed between the parties, for the purposes of this case, that good and sufficient title to the 55 acres of land, more or less, of the George Allen League in Falls county, Texas, in controversy was vested in J. B. Landrum by virtue of deed from W. G. Etheridge and wife dated May 22, 1907, recorded in vol. 55, page 149 of the Deed Records of Falls county, Texas. Mr. Landrum, on May 24, 1926, executed and delivered deed of trust on the tract of land in controversy to secure the payment of his note to J. F. Wood in the sum of $600, due October 24, 1926. That note and the deed of trust lien securing its payment were transferred by written assignment dated January 30, 1928, to the First State Bank of Chilton, Texas. The amount paid therefor was $640. Mr. Landrum, on March 3, 1928, executed deed of trust on the same land to secure payment of his note in the sum of $2800 to the First State Bank of Chilton, due December 1, 1929. The $2800 note included the amount paid by the bank to Wood for the $600 note and other sums due it by Landrum at the time of its execution and was given in renewal of such indebtednesses. S. B. Adams was trustee in both of the above mentioned deeds of trust, and each was promptly recorded in the deed of trust records of Falls county, Texas. The later of the above mentioned deeds of trust, after describing the land by metes and bounds, closed such description with the following words, "containing 55 acres of land, more or less, and being the same land conveyed to J. B. Landrum by W. G. Etheridge and wife, Ellen Etheridge, by deed dated May 22, 1907, said deed recorded in book 55, page 149 of said Falls county Deed Records." J. B. Landrum and wife, Lea Landrum, executed, acknowledged and delivered to the First State Bank of Chilton, on February 10, 1932, warranty deed to the 55 acres of land, more or less, in consideration of the cancellation and surrender to them of the $2800 note. The land was worth at that time from thirty to forty dollars per acre. Neither the bank nor any of its officers at any of the hereinabove mentioned times had actual notice of the existence of appellants' purported lien on the tract of land in controversy. They accepted and relied on Landrum's statement and made no investigation of the records.

Mr. Landrum, on March 19, 1927, executed and delivered a mortgage on the following described property, among other property, situated in Falls county, Texas, to-wit: "Also 50 acres in George Allen League or Moore land, bought from W. G. Etheridge, description shown by deed records, Falls county and reference to said records made for more particular description," to secure the payment of his note in the sum of $5600, less credit of $2000 in favor of The Cooper Grocery Company, due 11-15-25. That mortgage was recorded March 22, 1927, in the deed of trust records of Falls county, Texas. The indebtedness and the lien were renewed by deed of trust dated April 22, 1930, and renewed again in extension agreement dated May 7, 1934. The Cooper Grocery Company had actual notice of the Wood lien at the time of the execution of the mortgage of March 19, 1927. The Cooper Company, Inc., is the successor of The Cooper Grocery Company.

Mr. Landrum owned at the time he executed the mortgage of March 19, 1927, 712 acres of land in Falls county, Texas, consisting of 223 acres in the George Allen League, given to him by his father; 55 acres of land, more or less, in the George Allen League, purchased from W. G. Etheridge; 18 acres in the Graham; 50 acres in the Pedro Zarza; 241 acres in the Zarza and Aguirre; and 125 acres in the Pedro Zarza. Mr. Landrum at that time told Mr. Carver of The Cooper Grocery Company what land he owned, including the tract in the George Allen League bought from Etheridge. Mr. Carver prepared the mortgage. M. A. Cooper at that time had a deed of trust on all of Landrum's land with the exception of the tract in controversy and the 18 acre tract in the Graham survey, and likewise had a mortgage on the crops on all the other land.

The trial court, on objection, excluded all testimony as to verbal agreement between Carver and Landrum as to the kind of mortgage to be given, whether mortgage on crops only or mortgage on crops and the tract of land involved in this suit; and since said instrument on its face purports to be a mortgage on both personal and real property, the controlling questions presented are (1) whether the record of the mortgage of March 19, 1927, under its terms of description of the land therein mortgaged, afforded constructive notice of the lien; (2) whether the deed of trust of March 3, 1928, renewed the original Wood indebtedness.

and lien, and (3) whether the acquisition of the land by appellee on February 10, 1932, consummated a merger of its lesser estate as a mortgagee into the greater estate acquired by it as a grantee so as to extinguish the lien.

■ The instrument of March 19, 1927, recites that the land affected is the 50 or more acre tract in the George Allen League bought from W. G. Etheridge; that its description is shown by the deed records of Falls county, and reference to such records is made for more particular description. Landrum owned only one tract of land in the George Allen League purchased by him from W. G. Etheridge, and that was the tract of land in controversy, and the description given in such deed of purchase is admitted to be sufficient to effectuate a conveyance thereof. Appellee, at the time it accepted the deed of trust of March 3, 1928, knew Landrum owned and was encumbering to it a 55 acre tract of land, more or less, in the George Allen League, bought by him from W. G. Etheridge by deed then of record in the Falls county deed records, and was chargeable with notice that the instrument of March 19, 1927, recited that Landrum had mortgaged to The Cooper Grocery Company 50 or more acres of land in the George Allen League in Falls county, bought from W. G. Etheridge, which was particularly described in the deed records of that county, to which records reference was made for a full description. The land included in the instrument of March 19, 1927, is separated from all other tracts in the George Allen League by being designated as the land bought from W. G. Etheridge, and such designation limits the lien to the tract bought from Etheridge. Such mortgage and the deed from W. G. Etheridge and wife to J. B. Landrum, recorded in book 55, page 149, deed records of Falls county, when taken together, are certain in description as to the land intended to be affected, and there is not any substantial discrepancy between the property intended to be mortgaged and that described in such instrument; and therefore, such mortgage operated as constructive notice to all subsequent encumbrancers. Thorndale Mercantile Co. v. Continental Gin Co., Tex. Civ.App., 217. S.W. 1059, pars. 3 and 6; Randolph v. Lewis, Tex.Com.App., 210 S. W. 795; Lasater v. Hinson, Tex.Civ.App., 84 S.W.2d 874; James v. Koy, Tex.Civ. App., 59 S.W. 295; Carter v. Hawkins, 62 Tex. 393; Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452; Steinbeck v. Stone, 53 Tex. 382; Cleveland v. Sims, 69 Tex. 153, 154, 6 S.W. 634; Sanger Bros. v. Roberts, 92 Tex. 312, 48 S.W. 1; Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 109 A. L.R. 739; Walter Connally & Co. v. Continental State Bank, Tex.Civ.App., 189 S.W. 311; Mackechney v. Temple Lumber Co., Tex.Civ.App., 197 S.W. 744; Clifton v. Creason, Tex.Civ.App., 145 S.W. 323.

■ It is manifest from a careful examination of the record that it was the intention of Landrum and appellee to make a renewal and extension of the balance due on the Wood $600 note and its lien, in the note and deed of trust of March 3, 1928, and that there was no intention to extinguish either such debt or lien. A recital in such deed of trust that the $2800 note was given in renewal of the balance due on such $600 note, as well as other indebtedness, and that the lien existing at that time to secure its payment was continued, would have furnished better evidence of such intention, but the absence of such recital will not necessarily affect appellee's rights, as appellant is a subsequent encumbrancer thereto with notice. R. B. Templeman & Son v. Kempner, Tex.Civ.App., 223 S.W. 293; Allison-Richey Gulf Coast Home Co. v. Welder, Tex.Civ.App., 220 S.W. 392; Slaughter v. Owens, 60 Tex. 668; Ellis v. Singletary, 45 Tex. 27; Kone v. Harper, Tex.Civ.App., 297 S.W. 294.

■ Appellee acted at all times involved without actual notice of the existence of The Cooper Grocery Company's lien on the land in controversy, and there is no positive evidence that the bank intended to extinguish its lien or give up any rights by reason of accepting the deed. The application of the principle of merger in this case would result in the creation and extinguishment of rights not contemplated by any of the parties, and such application would be against the manifest interests and objectives of the bank and its application would not aid in the attainment of justice between the parties to this cause. For these reasons, we are of the opinion there was no such merger of the deed of trust lien with the legal title as would destroy appellee's right to assert its lien in this case. Silliman v. Gammage, 55 Tex. 365; York v. Robbins, Tex.Com.App., 255 S.W. 720; Harris v. Masterson, 91 Tex. 171, 41 S.W. 482; R. B. Spencer & Co. v. May, Tex.Civ.App., 78 S.W.2d 665; McDonald v. Miller, 90 Tex. 309, 39 S.W. 89;

Yett v. Houston Farms Development Co., Tex.Civ.App., 41 S.W.2d 305; Bates v. Lefforge, Tex.Com.App., 63 S.W.2d 360; Buchanan v. Monroe, 22 Tex. 537; Monroe v. Buchanan, 27 Tex. 241, 246; North Texas Bldg. & Loan Ass'n v. Overton, Tex.Civ.App., 91 S.W.2d 429.

The judgment of the trial court is reversed and the cause remanded.