Lorraine Ellen GARNER, Plaintiff,

v.

The INTERNAL REVENUE SERVICE,
United States of America, Defendant.

Civ. A. No. H–83–7283.

United States District Court,
S.D. Texas,
Houston Division.

March 27, 1986.

Richard L. Petronella, Houston, Tex., for plaintiff.

Cary L. Jennings and Louise P. Hytken, Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM

HUGHES, District Judge.

*Factual Background*

Under a divorce decree, Lloyd Garner was awarded real property as his separate property.[1] Lorraine Garner acknowledged the transfer of her interest in this property to Lloyd by special warranty deed recorded March 9, 1981. The deed recited that: (1) the conveyance was "pursuant to Final Decree of Divorce rendered in Cause No. 80–14607 ... in the 311th Judicial District Court of Harris County ..." and (2) Lloyd Garner had assumed the payments on the outstanding note payable to the North American Mortgage Co.

The divorce decree also provided that the property secure part of the monetary judgment awarded to Lorraine. A deed of trust with power of sale was executed in February, 1981. The deed of trust, however, was not recorded until two years later. Prior to its recordation, notices of federal tax liens against Lloyd Garner were filed pursuant to 26 U.S.C. § 6321.

The power of sale in the deed of trust was exercised when Lloyd defaulted on the

1. Appendix A to this memorandum is a time chart of this case's events.

payments due to his ex-wife under the divorce decree. Lorraine purchased the property at the foreclosure sale. Proper notice of the sale was given to the Internal Revenue Service (IRS) in accordance with 26 U.S.C. § 7425.

Lorraine has moved for a summary judgment declaring that her title to the property was superior to that of the United States and that the tax liens were extinguished by the foreclosure sale. The IRS has countered with a request for summary judgment declaring that the tax liens remain on the property because they were superior to Lorraine's interest.

### Issue 1

Does federal or state law apply in determining the priority of competing liens asserted against the Garner property?

### Conclusion

Federal law applies. *Aquilino v. United States*, 363 U.S. 509, 514, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960).

### Discussion and Authority

■ According to the *Aquilino* case, once a federal tax lien has attached to a taxpayer's property, federal law "determines the priority of competing liens" asserted against the property. *Aquilino, supra* at 514, 80 S.Ct. at 1280.

■ State law is utilized to determine the extent and nature of the interest the taxpayer has in the property. Here, however, there is no dispute that under Texas law Lloyd owned the real property as his separate property at the time the tax liens attached. The issue is the priority of the liens, and that is governed by federal law under *Aquilino. Id.*

### Issue 2

Is Lorraine Garner's security interest entitled to priority over the federal tax liens?

### Conclusion

■ No, Lorraine's lien was junior to the federal tax liens, because under federal law, her interest "came into existence" after the tax liens were filed. 26 U.S.C. § 6323(a); Treas.Reg. § 301.6323(h)–1(a)(1)(i).

### Discussion and Authority

Under 26 U.S.C. § 6321, the amount of tax demanded by the IRS but not paid becomes a lien on property belonging to the taxpayer. If there is a security interest "in existence" prior to the filing of the notice of the lien, however, the tax lien is invalid against that interest. 26 U.S.C. § 6323(a).

The regulations provide that a security interest exists when "... the interest has become protected under local law against a subsequent judgment lien...." Treas. Reg. § 301.6323(h)–1(a) 1(i). For this purpose, protection against a subsequent judgment lien occurs when "all actions required under local law to establish the priority of a security interest against a judgment lien have been taken." Treas.Reg. § 301.-6323(h)–1(a)(2)(A).

Here, Lorraine had a deed of trust conveying real property. Under Texas law, this instrument must be recorded to protect its priority against third parties acquiring interests in the property. Tex.Prop.Code § 13.001(a). Her interest, therefore, "came into existence" under federal law when she recorded her deed of trust on February 1, 1983, perfecting the interest against subsequent judgment lien claimants. Because this was subsequent to the filing of the tax lien, the tax lien took precedence and was effective against her secured interest. 26 U.S.C. § 6323(a).

The result is not altered given Lorraine's argument that she had an equitable lien created by the divorce judgment[2] since the lien was not specific nor perfected in the federal sense prior to the filing of the tax lien. *United States v. Morrison*, 247 F.2d 285, 287 (5th Cir.1957). In the *Morrison*

---

**2.** Lorraine's argument is based on *Day v. Day*, 610 S.W.2d 195 (Tex.Civ.App.—Tyler, 1980, writ ref'd n.r.e). There the court held that where a divorce decree expressly fixed a lien on property to secure the money judgment, an equitable lien arose which could not be defeated against a subsequent homestead claim by the ex-spouse. *Day, supra*, at 199. The court stated that this equitable lien could "stand independent of any statutory recording requirements, *at least as to the parties to the divorce.*" *Id.* at 198 (emphasis supplied).

case, an equitable vendor's lien on Texas real property arising prior to the filing of a federal tax lien was held to be junior in rank to the government's lien. *Id.* at 289. Though the lien did have standing under Texas law, the lien did not have "sufficient completeness" to meet federal standards. *Id.*

■ The fact that the special warranty deed referred to the final decree of divorce (which, in turn, provided for the lien) should not charge the IRS with constructive notice of the lien. The reference was incidental. The bare reference states nothing to arouse the suspicion of the existence of a lien. *Miles v. Martin,* 159 Tex. 336, 321 S.W.2d 62 (1959). Cases charging constructive notice to creditors encompass situations where the creditors are charged with notice of the terms of the outstanding debt referred to in the deed.[3]

In addition, the *Lasater* case cited by Lorraine is not analogous to the facts here. *Lasater v. Hinson,* 84 S.W.2d 874 (Tex.Civ. App.—Ft. Worth 1935, no writ). The deed here does not refer to the divorce decree for further information clearly critical to the real property transaction. *Id.*

Lorraine's interest was junior to the tax liens according to both Texas law and federal law. Texas law required Lorraine to record the deed of trust before the filing of the tax liens to protect the priority of her interest against the interest of the United States. Tex.Prop.Code § 13.001(a). Even if the United States had a deed of trust rather than the tax liens on the property, Lorraine would still be required to record her deed of trust to protect its priority.

Under federal law, Lorraine's interest was also junior to the tax liens, because the interest "came into existence" after the tax liens were filed. 26 U.S.C. § 6323(a); Treas.Reg. § 301.6323(h)–1(a)(1)(i).

*Issue 3*

Does the IRS's failure to redeem the property within 120 days discharge the liens on the Garner property under 26 U.S.C. § 7425?

*Conclusion*

■ No, the tax liens are not discharged because the IRS failed to redeem the property within 120 days since Lorraine's interest was junior to the tax liens. 26 U.S.C. § 7425(d)(1); Treas.Reg. § 301.7425–2(a).

*Discussion and Authority*

Section 7425 of the Code provides protection for tax liens which may be discharged by nonjudicial foreclosing proceedings, including the right of the United States to redeem the property within 120 days from the date of the foreclosure sale. 26 U.S.C. 7425(d). Here, Lorraine argues that the foreclosure sale extinguished the tax liens because the United States did not redeem the property within 120 days of the sale and because none of the other protection provisions apply.

Section 7425 applies only where the sale of real property is to satisfy a lien prior to that of the United States, i.e. when the United States is the junior lien claimant. 26 U.S.C. § 7425(d)(1); Treas.Reg. § 301.-7425–2(a). As previously stated, Lorraines's security interest was junior to the federal tax liens; therefore, § 7425 does not apply, and the fact that the property was not redeemed within 120 days has no bearing on this case.

A summary judgment will be granted in favor of the IRS because:

(1) The federal tax liens were superior to Lorraine Garner's security interest because her interest was recorded subsequent to the IRS's liens, and

(2) The foreclosure by Lorraine Garner did not extinguish the tax liens under 26 U.S.C. § 7425.

---

**3.** *See Crews v. Taylor,* 56 Tex. 461 (1882) (record of deed reciting a consideration of $1,500 paid and secured is notice of unpaid purchase money); *Clementz v. M.T. Jones Lumber,* 82 Tex. 424, 18 S.W. 599 (1891) (recorded real-estate mortgage describing note and debt, but omitting amount of note held constructive notice of mortgage); *Fennimore v. Ingham,* 181 S.W. 513 (Tex.Civ.App.—Amarillo, 1915), *modified on other grounds,* 215 S.W. 956 (Tex.Comm'n App. 1919, judgmt adopted) (deed describing note and its terms was notice to purchaser of outstanding debt even though note had been assigned).

APPENDIX  A

(A) ——— Divorce decree awards Lloyd Garner real property as his separate property (2/13/81)

(B) ——— Lloyd Garner executes deed of trust on property in favor of Lorraine Garner (2/23/81)

(C) ——— Lorraine executes special warranty deed acknowledging transfer of her title in the property to Lloyd (3/6/81)

(D) ——— Lorraine records special warranty deed (3/9/81)

(E) ——— IRS records liens in favor of the United States upon all property of Lloyd Garner (7/22/81 - 10/21/82)

(F) ——— Lloyd defaults on payments owed to Lorraine

(G) ——— Lorraine records deed of trust executed in 1981 (2/1/83)

(H) ——— Lorraine sends notice of foreclosure sale to the IRS (2/2/83)

(I) ——— Lorraine purchases property at the foreclosure sale (3/1/83)