## MacDONALD v. MacDONALD.

No. 12225.

Court of Civil Appeals of Texas.
Galveston.

Nov. 16, 1950.

Rehearing Denied Jan. 4, 1951.

J. R. McDougald and Jack Brookshire, of Beaumont, for appellant.

Adams, Browne & Sample and Ernest J. Browne, of Beaumont, for appellee.

MONTEITH, Chief Justice.

Appellant, Mrs. Willie Mae MacDonald, brought this action for divorce from appellee, James A. MacDonald, in the Criminal District Court of Jefferson County, Texas, on March 23, 1950. She alleged as the nec-

essary qualifications entitling her to maintain a suit for divorce in Jefferson County that at the time of the filing of the suit and for more than one year prior to that time she had been an actual bona fide resident of the State of Texas, and that she had resided in Jefferson County for six months next preceding the filing of the suit. She asked that the marriage contract be dissolved, and for the care and custody of their minor child.

In addition to a plea of privilege, in which he alleged that the suit was not commenced in the proper county and that there existed no exception in this case to the exclusive venue of being sued in the county of his residence, appellee filed a plea of pendency and in abatement in which he alleged that he had, prior to the filing of this suit filed a suit for divorce from appellant in the 113th District Court of Harris County which involved the same parties and subject matter, and that said action was still pending in Harris County. He attached to this motion a certified copy of his petition in the Harris County suit. The trial court overruled this plea, and at a hearing on the venue issues, rendered judgment sustaining appellee's plea of privilege and ordered the case transferred to the District Court of Harris County.

Appellant has appealed from this interlocutory order to the Beaumont Court of Civil Appeals, and the appeal was later transferred to this Court for the purpose of equalizing the dockets of the Courts of Civil Appeals.

A careful examination of the facts in the case convinces us that the controlling question presented in the appeal is whether the trial court had jurisdiction to render judgment sustaining appellee's plea of privilege and transferring this cause to the District Court of Harris County.

It is the established law in this State that where a court of competent jurisdiction has acquired jurisdiction of an action and the parties thereto, no part of its jurisdiction can be destroyed, diminished, or suspended, by one of the parties thereto bringing an action in another court, and that any judgment or order of the latter court is void, in so far as it conflicts with the judgment or order of the court first acquiring jurisdiction. Cockburn v. Noxon, Tex.Civ.App., 135 S.W.2d 516, writ of error refused.

In the case of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, the Supreme Court of this State held that regardless of whether the original petition filed in an action is sufficient in all respects against demurrer, its subject matter is within the jurisdiction of the Court in which it was originally filed and, since it is undisputed in the record that the District Court of Harris County, a court of competent jurisdiction, had first acquired jurisdiction of the parties and subject matter of this suit, and that they were entitled to proceed to a judgment which will be res adjudicata as against any judgment that the District Court of Jefferson County might render in this suit, it must be held that this case was abated by the Harris County suit and that the trial court erred in overruling appellee's plea of pendency and abatement and in acting on appellee's plea of privilege.

It follows from above conclusions that the judgment must be reversed and the cause dismissed because of want of jurisdiction.