**Norman J. DAY, Appellant,**

v.

**Janet DAY, Appellee.**

**No. 1316.**

Court of Civil Appeals of Texas, Tyler.

Dec. 20, 1979.

Rehearing Denied Jan. 17, 1980.

Roger D. Bush, Dallas, for appellant.

Ruth Rayner, Dallas, for appellee.

McKAY, Justice.

On May 6, 1977, Janet and Norman Day were divorced in the Domestic Relations Court Number Two of Dallas County, Texas. In its final decree the court found: (1) that a certain house and lot wherein Janet and Norman Day resided before the divorce was the separate property of Mr. Day; (2) that Mrs. Day should have a money judgment in the sum of $12,500.00 against Mr. Day as a part of her share of the communi-

ty property; and (3) that this judgment be secured by a lien on said property.

Subsequently, Mrs. Day recorded her judgment lien in the appropriate abstract and deed records and sought foreclosure of the lien through a constable's sale. Mr. Day then obtained a temporary restraining order in the 192nd Judicial District Court restraining Mrs. Day from proceeding with the constable's sale of the property. In response to a hearing to show cause why the temporary restraining order should not be continued as a temporary injunction, Mrs. Day filed a plea in abatement alleging that such action constituted a collateral attack on the judgment of the Domestic Relations Court and should therefore be denied.

During the pendency of the injunction action, Mrs. Day also filed a "Suit to Declare a Resulting Trust and to Partition Real Property by Order of Sale" in the 44th District Court of Dallas County, Texas. In response to this action, Mr. Day filed a plea in abatement which asserted that the suit should have been brought in the Domestic Relations Court and therefore, was void as a collateral attack against the judgment of the Domestic Relations Court.[1] Pursuant to Mr. Day's motion, both causes were consolidated in the 44th Judicial District Court. Additionally, around the time of the attempted foreclosure by Mrs. Day, Mr. Day filed a petition for voluntary bankruptcy with the United States District Court for the Northern District of Texas which was contested by Mrs. Day on the ground that she was a secured creditor. The court discharged Mr. Day from all dischargeable debts, but made no determination of the secured or unsecured status of the house and lot involved here.

In its final decree the 44th District Court found that: (1) the permanent injunction sought by Mr. Day should be denied; (2) the $12,500.00 judgment awarded to Mrs. Day was specifically secured by an express lien on the property; (3) the property should be sold by listing it at its fair market value with a real estate brokerage firm and the proceeds distributed between the parties; and (4) Janet Day shall receive as her share in the community estate $12,500.00 plus 9% interest on said amount from the date of May 6, 1977, plus a proportionate share of the appreciated value of the property as $12,500.00 is to the $45,000.00 value of the property at the time the divorce of the parties was decreed. Mr. Day duly perfected this appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas which, by order of the Supreme Court, was transferred to this court for determination.

On June 25, 1979, Mrs. Day filed an affidavit of contempt in the 44th Judicial District Court alleging that Mr. Day should be held in contempt for failing to list the property for sale pursuant to the order of the court. Mr. Day then filed a motion for leave to file a petition for writ of prohibition in this court seeking to prohibit Mrs. Day from proceeding with the contempt hearing. This court denied the motion. On November 14, 1979, Mr. Day filed a second motion for leave to file petition for a writ of prohibition which essentially alleged that the district court had no jurisdiction to issue an order of contempt and that this court should grant the writ to protect the subject matter of the appeal. The petition further alleged that the trial court had advised Day that if he did not list the disputed property for sale by November 19, 1979, he would be held in contempt by the district court. We granted the motion, stayed all proceedings in the 44th District Court, and set the matter for hearing.

This appeal presents many novel and complex issues concerning both substantive and procedural law. However, we do not reach these issues because we have concluded that we are without jurisdiction to entertain this appeal and therefore, it must be dismissed.

---

1. Although this motion was entitled "Defendant's Plea in Bar and Second Amended Original Answer," we construe it to effectively be a plea in abatement because it alleged matters which would only defeat the proceeding rather than matters which would show that the action could not be maintained at any time in any forum. 1 Tex.Jur.2d Abatement and Revival § 4 at 20–21 (1959).

■ It is the established law in this state that when a court of competent jurisdiction acquires jurisdiction of an action and the parties thereto, this jurisdiction cannot be destroyed, diminished, or suspended by one of the parties thereto bringing an action in another court, and that any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1070 (1926); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1972); *Parr v. Hamilton*, 437 S.W.2d 29, 31 (Tex.Civ.App.-Corpus Christi 1968, no writ); *Cockburn v. Noxon*, 135 S.W.2d 516, 518 (Tex.Civ.App.-Galveston 1939, writ ref'd). Thus any subsequent suit involving the same parties and the same controversy must be dismissed for lack of jurisdiction since the court which first acquires jurisdiction retains such jurisdiction.

■ The Domestic Relations Court, having first acquired jurisdiction, was entitled to dispose of the whole subject matter of the litigation and adjust all the equities between the parties.[2] *Cleveland v. Ward*, supra at 1069. Since that court was competent to decide the entire controversy, had all of the parties before it, and rendered a final judgment, its judgment is res judicata as to the judgment rendered by the 44th District Court. See 34 Tex.Jur.2d Judgments § 450–51 at 487–95 (1962); *Cleveland v. Ward*, supra at 1070. It follows that the 44th District Court had no jurisdiction to render a subsequent judgment and therefore, that judgment is necessarily void for want of jurisdiction. If the parties were dissatisfied with the judgment of the original court, the proper avenue for relief was by appeal to the appropriate Court of Civil Appeals rather than by filing subsequent suits in courts of concurrent jurisdiction. *Cleveland v. Ward*, supra at 1072–73.

*White v. White*, 380 S.W.2d 672 (Tex.Civ. App.-Tyler 1964, writ ref'd n. r. e.) presents a situation remarkably similar to the case at bar. In a final decree of divorce rendered in March, 1963, a domestic relations court partitioned the community property and awarded the husband an annuity contract. On July 3, 1963, the wife brought an action in a district court alleging the parties had entered into an agreement whereby she was to remain the sole beneficiary of the annuity, that the husband breached the agreement by replacing her with other beneficiaries, and that the husband should be enjoined from violating the agreement. The husband filed a motion for summary judgment which alleged that the judgment of the domestic relations court was res judicata, that the wife could not collaterally attack the original judgment, and that the wife was estopped by the original judgment to relitigate the issues which had been previously adjudicated. The district court granted the motion and the wife appealed. This court affirmed the district court on the ground that the divorce decree was a complete bar to re-litigation of title or any interest in the annuity contract by the parties. 380 S.W.2d 678. We quote the following portion of that opinion which we feel is dispositive of this appeal:

> The divorce court did make a division of the property between the Whites, and in adjusting the equity between the parties awarded the annuity contract to the husband. Other property was awarded to the wife, and the divorce decree became final. And now in this proceeding in a different court, the wife seeks to undertake different rights to some of the property awarded to the husband in the divorce decree. This court is of the opinion that she cannot do so as long as the divorce decree is in effect. 380 S.W.2d 678.

---

2. Tex.Rev.Civ.Stat.Ann. art. 2338–9a, sec. 5 (Vernon 1971) (Repealed by Acts 1977, 65th Leg., p. 2152, ch. 859, sec. 3.04(b)(8), eff. Sept. 1, 1977) which was in effect when the original action was filed provides: "The Court of Domestic Relations No. 2 [now 302nd District Court, art. 1926a] for Dallas County shall have the jurisdiction . . . of all divorce and marriage annulment cases, including the adjustment of property rights . . . and any and every other matter incident to divorce or annulment proceedings . . . and all other cases involving justiciable controversies and differences between spouses . . . ."

Accordingly, we hold that the 44th District Court should have sustained appellant's plea in abatement because that court was without jurisdiction to hear the matter. Since that court acquired no jurisdiction this court is also without jurisdiction. See *McDonald v. McDonald*, 235 S.W.2d 460 (Tex.Civ.App.-Galveston 1950, no writ); 15 Tex.Jur.2d Courts § 51 at 477 (1960).

The judgment of the trial court is reversed, and the case is dismissed.