Janet DAY, Petitioner,

v.

Norman J. DAY, Respondent.

No. B–9203.

Supreme Court of Texas.

July 2, 1980.

Rehearing Denied July 30, 1980.

Ruth Rayner, and George Adams, Dallas, for petitioner.

Roger D. Bush, Dallas, for respondent.

DENTON, Justice.

This is a suit to enforce a judgment lien obtained in a prior divorce property division, and to impose a resulting trust on the property securing the lien for the proportional appreciation in value of the property. The trial court awarded the plaintiff, Janet Day, foreclosure of the judgment lien, post judgment interest on the amount of the lien, and a judgment for the proportional share of the property's increased value from the time of the divorce. The defendant, Norman Day, appealed and court of civil appeals reversed the trial court judgment, and dismissed the appeal for want of jurisdiction. 592 S.W.2d 77. We reverse the judgment of the court of civil appeals, and remand the cause to that court for further consideration.

In May 1977, Janet and Norman Day obtained a divorce in the Domestic Relations Court Number Two of Dallas County. As her share of the community property, Mrs. Day was awarded a money judgment for $12,500.00. This judgment was secured by a lien on a house and lot which were determined to be Mr. Day's separate property. Mrs. Day obtained and recorded an abstract of judgment, and she sought execution of the lien. Mr. Day sought an injunction against the constable's sale in the 192nd District Court of Dallas County.

While the injunction suit was pending, Mrs. Day filed suit in the 44th District Court of Dallas County. The pleadings were captioned "Suit to Declare a Resulting Trust and to Partition Real Property by Order of Sale." Mr. Day filed a plea in bar alleging that the suit was void as a collateral attack on the judgment of the Domestic Relations Court.[1] Mrs. Day made a motion to consolidate the injunction suit and the partition suit, and this motion was granted.

About the time that Mrs. Day sought enforcement of her judgment lien, Mr. Day filed a bankruptcy petition in the United States District Court for the Northern District of Texas. Mrs. Day contested the bankruptcy discharge as a secured creditor. The bankruptcy court discharged Mr. Day's outstanding debts, but specifically reserved the question of Mrs. Day's secured creditor status, noting that the matter could be determined in the litigation pending in state court.

The 44th district court denied Mr. Day's request for a permanent injunction, and held that Mrs. Day was a secured creditor with an express lien on Mr. Day's house and lot. The district court also ordered that the house and lot be listed with a real estate broker for sale, and that Mrs. Day receive from the proceeds of sale, the amount of her lien and post judgment interest. In addition, it was ordered that she receive a proportion of the appreciated value of the property.

Mr. Day appealed the district court judgment. While the appeal was pending, Mrs. Day initiated contempt proceedings against him for his failure to list the property for sale as ordered by the district court. Mr. Day then filed a motion for leave to file a writ of prohibition alleging that the district court had no jurisdiction to issue a contempt order. The motion was granted, and the district court proceedings were stayed pending the outcome of the appeal. The court of civil appeals then held that the district court erred when it denied Mr.

---

1. The plea in bar filed by Mr. Day which was characterized as a plea in abatement by the court of civil appeals stated in pertinent part:

. . . any claim by Plaintiff regarding a resulting trust in that property awarded to Defendant . . . should have been, and indeed would have had to have been asserted into the action before the Domestic Relations Court Number Two of Dallas County, Texas, prior to entry of Judgment by said Court, and

that, as no appeal was taken from the aforesaid judgment . . . said Judgment became final by operation of law on the 6th day of June, 1977, and Plaintiff's attempt to request this Honorable Court to declare a resulting trust in property awarded under the aforesaid Judgment is an attempt by Plaintiff to go behind the aforesaid Judgment in an attack not recognized by law or in equity in the State of Texas. . . .

Day's plea in abatement, because the district court had no jurisdiction over Mrs. Day's partition suit. The basis for the court's holding was twofold: (1) that the judgment in the Domestic Relations Court Number Two was res judicata of the judgment rendered by the 44th District Court; and (2) that the Domestic Relations Court had jurisdiction to dispose of the whole subject matter of the litigation, including the suit to enforce the judgment. *Id.* at 80.

■ The court of civil appeals held that the trial court erred in failing to sustain Mr. Day's "plea in abatement." *Id.* at 81. However, since the basis of the pleading was the allegation that the prior divorce judgment was res judicata of the relief sought in the pending suit, it was correctly captioned as a plea in bar, and was not in substance a plea in abatement. The pleading did not allege the pendency of another action, the continuing jurisdiction of another court, or any other basis of a plea in abatement. *See generally,* McDonald, Texas Civil Practice § 7.08–7.16; § 7.43 (1970).

■ It is undisputed that the divorce judgment entered by the Domestic Relations Court became final in June 1977, and that no appeal was taken from the judgment. The court of civil appeals correctly determined that the judgment of the Domestic Relations Court was res judicata of any attempt to relitigate the divorce property division in a subsequent partition suit. *Faglie v. Williams,* 569 S.W.2d 557 (Tex.Civ. App.—Austin 1978, writ ref'd n.r.e.); *Marks v. Marks,* 470 S.W.2d 83 (Tex.Civ.App.— Tyler 1971, writ ref'd n.r.e.); *White v. White,* 380 S.W.2d 672 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.).

■ Mrs. Day's share of the community property was awarded as a sum certain, $12,500.00, and she was not awarded any proportional share in the appreciated value of the secured property. Any attempt to obtain such relief in a later partition suit would by barred as a collateral attack on the prior divorce judgment.

However, the partition suit in the district court involved more than a collateral attack on the prior divorce judgment. In addition to pleadings which attempted to alter the prior property division, there were pleadings which sought enforcement of Mrs. Day's judgment lien.[2]

■ It is well-settled that a judgment lienholder may bring an independent suit in equity to enforce the judgment lien against property which the debtor may have fraudulently conveyed or claimed to be exempt as homestead. *Baker v. West,* 120 Tex. 113, 36 S.W.2d 695, 697 (1931); *Hull v. Naumberg,* 1 Tex.Civ.App. 132, 20 S.W. 1125, 1126 (1892, no writ). Here, Mr. Day has claimed that the house and lot are his homestead and are exempt from the foreclosure of Mrs. Day's judgment lien. He has also claimed that Mrs. Day's judgment against him was unsecured, and was discharged by the bankruptcy court. Therefore, the district court had equity jurisdiction to decide these matters and to order the foreclosure of the lien.

■ Tex.Rev.Civ.Stat.Ann. art. 2338– 9a, § 5 (1971), repealed in 1977, was in effect when the divorce suit was tried. It provided:

. . . The Court of Domestic Relations No. 2 for Dallas County shall have the jurisdiction concurrent with the Dis-

---

2. "Plaintiff's First Amended Pleadings to Declare a Resulting Trust And to Partition Real Property by Order of Sale" states in pertinent part:

IV.

. . . the Court should declare that the Defendant is a Resulting Trustee as that is understood in law as to the lien of the Plaintiff herein in the amount of $12,500. plus 9% interest on said amount per annum from the date of May 6, 1977, plus a proportionate share of the appreciated value of the proper-

ty as $12,500. was to the $45,000. value of the property at the time Judgment was awarded to the Plaintiff.

V.

Plaintiff would further show the Court that she is in dire need of the funds that she is entitled to as set forth hereinabove and that the Court should appoint a Receiver to sell the said property which has a present value in excess of $50,000.00 and to divide the net proceeds therefrom between the parties as their interests appear.

trict Courts in Dallas County . . . of all divorce and marriage annulment cases, including the adjustment of property rights . . . and *any and every other matter incident to divorce* or annulment proceedings . . . and *all other cases involving justiciable controversies and differences between spouses.*

(Emphasis added).

The matters involved in an independent suit to enforce a judgment lien are not matters incident to or related to the underlying divorce. Also, this is not a controversy between spouses. Therefore, we hold that the district court had jurisdiction of the suit to enforce the judgment lien. It necessarily follows that the court of civil appeals has jurisdiction to consider the appeal from the district court judgment.

This case is factually distinguishable from *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1070 (1926). The Domestic Relations Court would have had jurisdiction to order the issuance of a writ of execution to enforce the judgment lien had such relief been sought. However, the fact remains that at the time the partition suit was filed in the district court, no matter, either incident to the divorce, or to the enforcement of the judgment lien, was pending in another court.

The sole basis for the court of civil appeals judgment was that the partition suit was outside the trial court's jurisdiction, *and therefore the appeal was dismissed for* want of jurisdiction. Since we have determined that the court of civil appeals erred in reversing the judgment of the trial court on the basis of no jurisdiction, we must next examine the brief filed by the appellant, Mr. Day in the court of civil appeals in order to determine whether it contains other grounds upon which the judgment of the court of civil appeals should be affirmed. *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas*, 491 S.W.2d 869, 872 (Tex.1973); *King v. Skelly*, 452 S.W.2d 691, 694 (Tex.1970); *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444, 449 (Tex.1967); *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964). .

Of those points remaining, none contains an alternate basis for the affirmance of the court of civil appeals judgment on the jurisdictional issue. We reverse the judgment of the court of civil appeals, and remand to that court for further consideration on the merits. *Richey v. Bolerjack*, 589 S.W.2d 957 (Tex.1979); *Block v. Aetna Casualty & Surety Co.*, 138 Tex. 420, 159 S.W.2d 470, 471 (1942).