**Norman J. DAY, Appellant,**

v.

**Janet DAY, Appellee.**

**No. 1316.**

Court of Civil Appeals of Texas, Tyler.

Nov. 26, 1980.

Rehearing Denied Dec. 23, 1980.

Roger D. Bush, Dallas, for appellant.

Ruth Rayner and George M. Adams, Dallas, for appellee.

McKAY, Justice.

This is a suit to enforce a lien obtained in a prior divorce proceeding in which property division was made, and to impose a resulting trust on the property securing the lien for the proportional appreciation in value of the property. The trial court rendered judgment foreclosing the lien of plaintiff Janet Day, awarded her post judgment interest on the amount of the lien, and included in the judgment the proportional share of the increased value of the property from the time of divorce.

Norman Day, defendant, appealed to this court, and we reversed the trial court judgment and dismissed the appeal for want of jurisdiction. 592 S.W.2d 77. The Supreme Court reversed the judgment of this court and remanded the case for further consideration on the merits. 603 S.W.2d 213.

Janet and Norman Day were divorced by the Domestic Relations Court Two of Dallas County in May, 1977. The court found that a house and lot where the parties resided was separate property of Mr. Day, awarded Mrs. Day a money judgment for $12,500 against Mr. Day as her share of the community property, and expressly fixed a lien on the property to secure the money judgment.

After the divorce judgment was rendered, Mr. Day supposedly designated this house and lot as his homestead, and after such homestead designation was made, Mrs. Day recorded her abstract of judgment and sought foreclosure of the lien through Constable's sale. Mr. Day obtained a temporary restraining order against Mrs. Day from proceeding with the Constable's sale of the property in the 192nd District Court.

While the injunction suit was pending Mrs. Day filed in the 44th District Court a suit styled "Suit to Declare a Resulting Trust and to Partition Real Property by Order of Sale," and the two suits were consolidated in that court. About the time of the attempted foreclosure of Mrs. Day's judgment lien Mr. Day filed a voluntary petition in bankruptcy in the Federal Court for the Northern District of Texas. Mrs. Day contested his discharge on the ground she was a secured creditor. The bankruptcy court discharged Mr. Day's outstanding debts, but specifically reserved the question of Mrs. Day's status as a secured creditor, noting that the matter could be determined in the litigation pending in state court.

The 44th District Court denied Mr. Day's request for a permanent injunction, held that Mrs. Day was a secured creditor with an express lien on Mr. Day's house and lot for $12,500 plus 9% interest on said amount from May 6, 1977, plus a proportionate share of the appreciated value of the property as $12,500 is to the $4,500 value of the property at the time the divorce was granted. The court further ordered that the property should be sold by listing it at its fair market value with a real estate firm and the proceeds divided between the parties.

Mr. Day appealed from the judgment, and while the appeal was pending in June, 1979, Mrs. Day filed an affidavit of contempt against Mr. Day asking the court to hold him in contempt for failure to list the property for sale pursuant to the court's order. This court granted Mr. Day's application for a writ of prohibition, staying all proceedings in the district court. We now address Mr. Day's appeal on the merits.

Mr. Day first complains that the trial court erred in ordering the sale of separate property and finding and concluding that the divorce and money judgment were paramount to the homestead exemption he asserted. He argues that Mrs. Day had a judgment lien which was not created by the mere recital thereof in the judgment, but came into existence only upon the filing and recording of the abstract of judgment in the appropriate county records. Therefore, since Mrs. Day did not file the abstract until *after* the homestead designation had been made by Mr. Day, he contends that as a matter of law the homestead is immune from any lien, and especially any order of sale, claimed by Mrs. Day.

We agree with Mr. Day's assessment of the law relating to the creation of a judgment lien, but reject its applicability to this case. The lien upon which Mrs. Day is now seeking to foreclose does not possess those characteristics normally attributed to a judgment lien. In this case a lien was *expressly* recited in the judgment to secure payment of a specific sum of money. While appellant argues that the mere recitation of the lien in the judgment did not elevate it to a position superior to an ordinary judgment lien, none of the cases cited by appellant in support of this proposition involve a judgment wherein the court explicitly intended to create a lien. Furthermore, the judgment there specifically placed the lien on a particular piece of real property, a fact which distinguishes that lien from a judgment lien which generally "attaches to all non-exempt realty owned by the judgment debtor in the county where the abstract is recorded." 34 Tex.Jur.2d Judgments § 573.

■ A judgment lien exists only by virtue of statute[1] and therefore is created only by compliance with the law governing such liens. See 34 Tex.Jur.2d Judgments, § 569. Consequently, before a money judgment can ripen into a lien, the abstract of judgment must be recorded and indexed in the proper county, as required by statute.

1. Tex.Rev.Civ.Stat.Ann. art. 5447 and art. 5449 (Vernon 1958).

*Wisdom v. Wisdom,* 575 S.W.2d 124, 126 (Tex.Civ.App.—Ft. Worth 1975, writ dism'd); *Burton Lingo Co. v. Warren,* 45 S.W.2d 750 (Tex.Civ.App.—Eastland 1931, writ ref'd); See 34 Tex.Jur.2d Judgments, § 568 at 679–80.

■ The lien presently disputed before this court is *not* a judgment lien, however, despite its earlier characterization as such by this court at 592 S.W.2d 77. Rather, the lien expressly given to Mrs. Day by the domestic relations court is rooted in equity, does not owe its existence to any statute and can stand independent of any statutory recording requirements, at least as to the parties to the divorce.

■ When community funds are used to pay the purchase price or to discharge encumbrances upon the separate property of one of the spouses, the community is entitled to *reimbursement* for those expenditures. *Colden v. Alexander,* 171 S.W.2d 328, 334 (Tex.1943); *Hartman v. Hartman,* 253 S.W.2d 480, 483 (Tex.Civ.App.—Austin 1952, no writ).
According to 3 L. Simpkins, Texas Family Law § 22:38 (Speers 5th Ed. 1976) at 501, "The right of reimbursement is not a debt enforceable as such, but is an *equitable right* enforceable only in a partition or dissolution of the community. . . . " (Emphasis added)
See *Dakan v. Dakan,* 83 S.W.2d 620, 627 (Tex.1935).

■ Upon dissolution of the marriage, a spouse is entitled to recover his or her share of community funds *actually spent* to purchase separate property belonging to the other spouse, if such recovery is deemed fair and just by the divorce court. *Bazile v. Bazile,* 465 S.W.2d 181, 182 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd). See *Poulter v. Poulter,* 565 S.W.2d 107, 111 (Tex.Civ.App.—Tyler 1978, no writ). In order to secure the payment ordered by a judgment pursuant to the community's right to reimbursement, Texas courts have found it desirable to place an *equitable* lien on the separate property with the concomitant right to foreclose and sell if the judgment is not paid. *Dakan v. Dakan, supra; Buchan v. Buchan,* 592 S.W.2d 367, 371 (Tex.Civ.App.—Tyler 1979, writ dism'd); *Smith v. Smith,* 187 S.W.2d 116 (Tex.Civ.App.—Ft. Worth 1945, no writ); see "Yours, Mine, & Ours—Separate Title & Community Funds," 21 Baylor L.Rev. 137, 156 (1969). In fact, it has been surmised that the very reason that this device was formulated by the courts was to avoid the situation which arose in this case, that is, the assertion of a homestead claim by the debtor spouse to defeat a money judgment obtained by the other spouse in a divorce action. See Note, "Effects of Extending the Homestead Exemption to Single Adults," 26 Baylor L.Rev. 658, 665 (1974).

■ In the present case it was undisputed that Mr. Day purchased the property in question two weeks before his marriage to Mrs. Day. No down payment was made at that time, and all payments made against the mortgage on that property were paid with community funds. Since inception of title in Mr. Day was prior to the marriage, it is well-established that he held the realty as his separate property, but that the community held an equitable right to reimbursement for payments it made toward the purchase of the property. Consequently, according to the law stated above, the divorce court was justified in creating a lien within its judgment to secure the payment to Mrs. Day of her share of the community's right to reimbursement. As noted above, a lien created in this manner under this set of circumstances has consistently been considered to be an *equitable* lien and not a judgment lien. The lien arose when the divorce decree was rendered, and because it is not a judgment lien, its existence is not dependent on the filing of the abstract of judgment.

■ The divorce decree is silent as to any homestead right which may have existed in the property at the time of the divorce. Absent proof of its existence, a homestead cannot be presumed to continue after divorce. *Burke Royalty Co. v. Riley,* 475 S.W.2d 566 (Tex.1972). Apparently from the record in this cause, no attempt

was made by Mr. Day to claim the property as his homestead until after the divorce decree was rendered. Because Mrs. Day already held a lien against the property as of the time of the divorce, Mr. Day's subsequent homestead claim cannot defeat her right to enforce the pre-existing lien. *Minnehoma Financial Co. v. Ditto*, 566 S.W.2d 354, 357 (Tex.Civ.App.—Ft. Worth 1978, writ ref'd n. r. e.).

▌ We also reject Mr. Day's claim in his second point of error that his discharge in bankruptcy defeated Mrs. Day's lien. Since the lien is not a judgment lien, Tex.Rev.Civ. Stat.Ann. Art. 5449(a) does not apply. Mr. Day further asserts that Mrs. Day is an unsecured creditor whose claim was discharged in bankruptcy. In fact, the order of the bankruptcy court dismissing Janet Day's objection to the discharge stated that no specific findings were made as to Janet Day's status as a secured or unsecured creditor. That determination was expressly left to the state court to be made in litigation pending there in the case now before this court on appeal. Accordingly, the trial court's judgment states that Janet Day is a secured creditor for the amount of the judgment because of the express lien contained in the divorce judgment. We perceive no error in the lower court's designation of Mrs. Day as a secured creditor.

Foreclosure upon separate property to satisfy the lien has been determined not to be in violation of the rule in *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977), which prevents divestiture of a spouse's separate real property upon divorce. *Buchan v. Buchan, supra.*

We therefore affirm the judgment of the trial court foreclosing the lien held by Mrs. Day and ordering the sale of Mr. Day's property to satisfy the original judgment of the domestic relations court in the amount of $12,500, plus 9% interest on said amount from the date of May 6, 1977, the date of the divorce decree.

Appellant claims in his third point of error that the trial court erred in finding that Janet Day had been deprived of any property rights and was entitled to any pro-rata enhancement in the value of the subject real property. Furthermore, appellant protests the court's finding that any resulting trust existed in the property for the benefit of Janet Day and contends that the court erred in its finding as to the fair market value of the property both at the time of divorce and in the instant judgment. We agree with appellant that Janet Day had no property right in appellant's separate property, that no trust was created by the actions of the parties and consequently that Janet Day is not entitled to any pro-rata share of the property's enhanced value. Modification of the trial court's judgment in this respect renders any finding made as to the fair market value of the property immaterial.

▌ "A lienholder does not hold title to land." *Bankers Home Bldg. & Loan Ass'n v. Wyatt*, 162 S.W.2d 694, 696 (Tex. Com.App.1942, opinion adopted). Specifically, an equitable lien is not an estate in the thing to which it attaches, but merely an encumbrance against the property to satisfy a debt. *Inesco, Inc. v. Sears*, 567 S.W.2d 827, 829 (Tex.Civ.App.—Beaumont 1978, writ ref'd. n. r. e.). Appellee Janet Day is therefore incorrect in asserting a claim to any "lesser interest" in the realty, apart from a charge against the property for $12,500 plus interest. Her right to receive that amount sprang from her interest in the community's right to reimbursement, and as noted earlier, that right entitles the community to recover only that amount *actually spent* to purchase the separate property. *Bazile v. Bazile, supra.* The right to reimbursement is not deemed to be a right, title or interest in the land regardless of whether community funds are utilized to purchase or to improve separate property. 3 L. Simpkins, *supra.*

Additionally, a division of property of the parties was made upon divorce, at which time the court awarded the instant property to Mr. Day as his separate property. The court did not, and could not under *Eggemeyer v. Eggemeyer, supra*, divest Mr. Day of any interest in his separate realty. Any attempt to do so now would be impermissi-

ble under *Eggemeyer* as well as an improper collateral attack on the judgment of the trial court. *Day v. Day*, 603 S.W.2d 213, 215 (Tex.1980); *Chandler v. Chandler*, 323 S.W.2d 377 (Tex.Civ.App.—San. Antonio 1959, writ dism'd).

For these reasons, the lower court in the immediate case was incorrect in finding that Janet Day had been deprived of any property right during the pendency of the suit. In awarding her a share of the enhanced value of the property, the court assumed an interest in the property which she does not hold. The finding of a resulting trust is unnecessary, if not improper,[2] to enforce Janet Day's lien on the property.

Appellant contends in his fourth point of error that the action by appellee was in the nature of an equitable bill of review which the trial court had no jurisdiction to entertain. We refer to the Supreme Court opinion at 603 S.W.2d 213, which reversed the earlier decision of this court to dismiss this case for want of jurisdiction. While we have characterized Mrs. Day's lien as an equitable lien rather than a judgment lien, an independent suit to enforce such a lien does not concern matters incident to or related to the underlying divorce; neither is it a controversy between spouses. The Supreme Court's reasoning would still operate to sustain jurisdiction in the district court to enforce the lien, and also the jurisdiction of this court to hear an appeal from that judgment.

Appellant's fifth and sixth points of error concerned evidence and findings of fact and conclusions of law regarding a resulting trust in his property. These points are rendered irrelevant by our rejection of the trial court's finding of a resulting trust and will not be discussed.

Finally, appellant contends that the trial court erred in dissolving his temporary restraining order and denying a temporary injunction to prevent a foreclosure sale of the subject real property. We affirm the trial court's refusal to prevent a foreclosure sale of the property and in accordance with this opinion hold that Mrs. Day's lien should be enforced by foreclosure and sale of the property and that she should recover the amount of $12,500, plus 9% interest accrued from May 6, 1977. However, we modify the trial court's judgment as to partition, in which appellee would receive a pro rata share of the enhanced value of the property.

We hold that Janet Day is not entitled to any enhancement in value of the property, and the trial court judgment is so modified; the judgment of the trial court, as modified, is affirmed.

---

2. The finding of a resulting trust was simply a device to invest appellee with a property right she did not possess. "(A)n implied trust whether resulting or constructive vests the equitable title to the property in the beneficiary and such equitable title is superior to the legal title held by the trustee." *Cadmus v. Evans*, 320 S.W.2d 176, 183 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.)