**Martin Quinn UNDERHILL, Appellant,**

v.

**Dorothy H. UNDERHILL, Appellee.**

**No. B2557.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 11, 1981.
Rehearing Denied April 1, 1981.

Joe H. Rentz, Houston, for appellant.

Cheryl Cohorn, John J. Eikenburg, Eikenburg & Stiles, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is a suit to enforce a property settlement agreement. The parties were divorced in 1975 in the Court of Domestic Relations Number Four of Harris County, Texas. Judgment was pronounced from the bench on February 4, 1975. An instrument entitled Property Settlement Agreement

was signed by the parties on April 8, 1975. The Decree of Divorce was signed by the judge on April 14, 1975. The Property Settlement Agreement called for appellant to make payments of $500.00 per month beginning February 15, 1975, to continue until January 15, 1979. Appellant made $9,000.00 in payments and then stopped paying under the agreement. Appellee brought suit for missed payments, initially $2,000.00, in the County Civil Court at Law. Defendant responded claiming lack of jurisdiction, impossibility of performance, vagueness and offset for the $9,000.00 paid. Upon trial the court entered judgment for appellee for $15,000.00 in payments under the agreement and $5,000.00 in attorney's fees. Defendant appeals, asserting six points of error. We affirm.

In his first point of error appellant alleges the court erred in overruling his plea to the jurisdiction of the court as bar and his motion to dismiss for want of jurisdiction and/or his motion to transfer. Appellee sued in the County Civil Court at Law and appellant argues because the suit was brought to enforce a Property Settlement Agreement incident to divorce, the court which granted the divorce (now the 311th Family District Court) has exclusive jurisdiction to hear the matter. We disagree.

The statute creating the Court of Domestic Relations Number Four, where the divorce was granted, provided:

> [The] Court of Domestic Relations No. 4 shall have jurisdiction concurrent with the District Courts situated in [Harris] County . . . of all divorce and marriage annulment cases, including the adjustment of property rights . . . and every other matter incident to divorce. . . .

1963 Tex.Gen.Laws, Ch. 299, § 3, at 778. This statute was in effect when appellee filed suit and is applicable, therefore, to our facts.

The Supreme Court of Texas in *Day v. Day*, 603 S.W.2d 213 (Tex.1980), was faced with a situation similar to the one which confronts us. In *Day* the court interpreted a statute virtually identical to the one above, in a suit where a woman sued her ex-husband to enforce a judgment lien provided for in a property settlement agreement entered into upon divorce. The court in *Day* implied that were they to find the suit enforcing the judgment lien to be a "matter incident to or related to the underlying divorce", they would then find the court granting the divorce had exclusive jurisdiction. The court, however, held that the matters involved in an independent suit to enforce a judgment lien provided for in a property settlement agreement are not matters incident to or related to the underlying divorce. The Supreme Court therefore held that jurisdiction was proper in the district court, where suit was brought by the plaintiff.

In the case before us an independent suit was brought by appellee to enforce a contract to make monthly payments provided for in a property settlement agreement. This cause of action does not involve matters incident to the underlying divorce any more than the suit to enforce the judgment lien did in *Day*. We should not be understood as saying the agreement was not *entered into* incident to divorce. That issue is addressed below when we discuss appellant's third point. We only hold that once the parties have agreed on a property settlement that contains a provision for periodic support payments, a suit to recover missed payments does not involve matters incident to divorce, but is instead more akin to an independent action on a contract. *Hutchings v. Bates*, 406 S.W.2d 419 (Tex. 1966). We therefore hold, as the court did in *Day*, that the court which granted the divorce does not have exclusive jurisdiction to hear a suit brought to enforce the property settlement agreement entered into upon divorce. Point of error one is overruled.

Appellant's second point of error is that the trial court erred in overruling his motion to limit possible recovery. Appellant urges jurisdiction in the County Court at Law never attached and thus the court should not have entered a judgment in excess of its $5,000.00 jurisdiction. Appellant readily concedes if jurisdiction *was* proper

in the County Court at Law at the time appellee filed suit, the case of *Flynt v. Garcia*, 587 S.W.2d 109 (Tex.1979) (per curiam) would control to keep jurisdiction in that court. We have held that jurisdiction was proper in the County Court at Law, and thus *Flynt* allows the County Court to retain jurisdiction when the amount in controversy has grown past its jurisdictional limits, as occurred in the instant case. Point of error two is overruled.

In point of error three appellant asserts the trial court erred in finding the effective date of the divorce was the date of signing of the judgment, not the date the judgment was rendered orally by the judge from the bench. Appellant urges the agreement could not be incident to divorce because the divorce was rendered on February 4, 1975, while the property settlement agreement was not signed until April 8, two months later. The divorce decree was signed by the judge on April 14. Because the agreement was not made incident to divorce, appellant states it is thus enforceable upon its face.

We find the agreement to be enforceable. We hold there was no final judgment of divorce until April 14, 1975, when all issues and parties in the case were disposed of. *See Garrison v. Texas Commerce Bank*, 560 S.W.2d 451, 453 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). It is error for a trial judge to sever the issue of property rights from the issue of divorce, *Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299 (1960), and until the property of the parties has been disposed of no final divorce judgment exists. *In re Johnson*, 595 S.W.2d 900 (Tex.Civ.App.—Amarillo 1980, no writ). Thus, even though the parties were actually divorced as of February 4, 1975, the date the judge orally rendered the judgment, *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969), the judgment was not then final, we hold, because the property of the parties had not been disposed of. We hold the date of the final judgment of divorce is controlling in determining whether an agreement is entered into incident to divorce and find that under the facts we are faced with, the property settlement agreement entered into by the parties was entered into incident to divorce. Only after the parties agreed to a property settlement and this agreement was filed with the court and a divorce decree was prepared and signed by the judge, did the divorce become final.

We find the trial judge correctly held for purposes of the property settlement agreement the effective date of the divorce was the date of the signing of the decree. The agreement was therefore valid and enforceable. Appellant's third point of error is overruled.

In point of error four appellant asserts the trial court erred in finding the property settlement agreement not vague. Appellant argues because the instrument sued on does not specify to whom the payments are to be made, performance by him is impossible. Appellant, however, for some eighteen months, was able to ascertain to whom the payments were to be made, for he paid $9,000.00 to appellee over this period. It is difficult for this court to accept appellant's argument that it is now impossible for him to perform under the agreement. We hold where a party has been able to perform under a property settlement agreement for eighteen months without difficulty in ascertaining who is to be paid, that party may not thereafter complain the agreement was vague and ambiguous regarding the person to be paid. The construction that appellant was himself placed on the contract negates his argument that the agreement is vague. *Vickers v. Vickers*, 553 S.W.2d 768 (Tex.Civ. App.—Beaumont 1977, no writ). Point of error four is overruled.

Appellant's point of error five states the trial court erred in the awarding of attorney's fees to appellee's attorney. We disagree. Reasonableness of attorney's fees is a fact question and as such is required to be supported by competent evidence. *Rhoades v. Miller*, 414 S.W.2d 942 (Tex.Civ.App.—Tyler 1967, no writ). Evidence of some character, is required to set the amount for judgment purposes, even in a non-jury case. *Uhl v. Uhl*, 524 S.W.2d 534 (Tex.Civ.App.—Fort Worth 1975, no writ).

Additionally, the allowance and amount of attorney's fees are within the trial court's discretion. *Rampy v. Rampy*, 432 S.W.2d 175 (Tex.Civ.App.—Houston 1968, no writ). In the instant case appellee presented evidence of the number of hours spent by her attorney on the case and his hourly rate. In addition, appellee's attorney, qualified as an expert, testified as to what would be a reasonable fee under the circumstances.

We hold this evidence is sufficient to support the trial judge's granting of attorney's fees of $5,000.00. Point of error five is overruled.

Appellant, in point of error six, argues very briefly the trial court erred in refusing his counterclaim for $9,000.00 paid by him under the agreement.

We hold the agreement is valid, and because appellant has cited no theory upon which he should recover under his counterclaim, only stating he "made the payments mistakenly," we overrule appellant's sixth point of error.

Judgment affirmed.