NO. 07-08-0144-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 3, 2009

_____

IN THE MATTER OF THE MARRIAGE OF

RITA LACKEY FILLINGIM AND WILLIS DAN FILLINGIM

_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 4,330;[1] HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION ON REHEARING**

On March 24, 2009, this Court issued its original *Memorandum Opinion* in this case.

Appellee filed a motion for rehearing on April 15, 2009, complaining of, among other things,

---

[1]Although a final *Decree of Divorce* was previously entered in this cause on June 9, 1981, the parties agreed to consolidate the declaratory judgment action filed April 28, 2006, in Cause No. 6,397, styled *Willis Dan Fillingim vs. Rita Lackey Fillingim*, with the petition for clarifying order filed April 28, 2006, in Cause No. 4,330, styled *In the Matter of the Marriage of Rita Lackey Fillingim and Willis Dan Fillingim.* The *Final Judgment* entered on February 5, 2008, in the consolidated action, is the judgment being appealed.

this Court's analysis as to whether the residuary clause contained within the decree of divorce encompassed the disputed mineral interests at issue. Having considered Appellee's *Motion for Rehearing*, Appellant's *Objection to Opinion Granting Motion for Rehearing and Conditional Motion for Rehearing,* Appellant's *Response to Motion for Rehearing,* and Appellee's *Reply to Appellant's Response on Rehearing*, we hereby grant Appellee's motion for rehearing, withdraw our opinion and judgment dated March 24, 2009, and issue this opinion in lieu thereof.

Appellant, Rita Lackey Fillingim (Rita), appeals from a judgment rendered in favor of Appellee, Willis Dan Fillingim (Dan), declaring certain mineral properties acquired during their marriage to be his sole and separate property and finding that the Decree of Divorce entered on June 9, 1981, did not divide or partition that property. By three issues, Rita asserts the trial court erred (1) in determining that their Decree of Divorce did not preclude Dan's suit under the doctrine of *res judicata*; (2) in finding jurisdiction existed to alter the original property division; and (3) by declaring that Dan established his separate property ownership of the mineral rights by clear and convincing evidence. We affirm.

**Background**

Rita and Dan were married in 1970. During their marriage, by four separate instruments, Dan's parents deeded certain mineral interests to Dan, as grantee.[2] One of

---

[2]Three of the four instruments also named Dan's sister, Mary Louis Fillingim, as a grantee. None of the four instruments named Rita as a grantee.

2

the four deeds recited as consideration "$10.00 cash in hand paid and the love and affection which we have for our children . . . ." Although the other three deeds did not contain language indicating that the conveyances were intended to be gifts, Dan contends that the mineral interests conveyed thereby were his separate property by virtue of being gifts from his parents. Subsequent to receipt of the deeds, but during their marriage, Rita and Dan jointly executed oil and gas leases pertaining to the properties and, on one occasion, they executed a warranty deed conveying an interest in mineral rights to a third party.

In 1981, Rita filed for divorce. It is undisputed that Dan was properly cited in connection with the proceedings; however, during the pendency of the divorce, he did not hire an attorney to represent him, nor did he personally appear or offer any evidence at the final hearing. On June 9, 1981, the trial court entered a Decree of Divorce that provided, in pertinent part, as follows:

> IT IS DECREED that the estate of the parties be divided as follows:
>
> Petitioner [Rita] is awarded the following as petitioner's sole and separate property, and respondent is hereby divested of all right, title, and interest in and to such property: All property listed in Schedule A attached hereto and made a part hereof by reference.
>
> Respondent [Dan] is awarded the following as respondent's sole and separate property and petitioner is hereby divested of all right, title, and interest in and to such property: All property listed in Schedule B attached.

3

Although Schedules A and B described certain real and personal property, there was no mention of the mineral interests the subject of this dispute.[3] Each schedule did, however, contain a residuary clause awarding each spouse "a one-half interest in all other property or assets not otherwise disposed of or divided herein."

On April 28, 2006, Dan filed two proceedings seeking to clarify his ownership of the mineral interests transferred by the deeds from his parents. Under the cause number of his original divorce proceeding, cause number 4330, Dan filed a *Petition for Clarifying Order,* wherein he sought to invoke the jurisdiction of the divorce court to "clarify" the 1981 divorce decree. In cause number 6397, filed in the same district court, Dan also sought a declaratory judgment pertaining to his ownership interests. On June 14, 2006, the two proceedings were consolidated and on July 26, 2006, Dan filed his *First Amended Original Petition* requesting that the trial court grant, or declare, him the sole owner of the mineral interests deeded to him during marriage. Dan asserted that because the mineral interests in question were his sole and separate property at the time of his divorce, the divorce court could not, as a matter of law, partition said interests.

On January 22, 2008, the trial court tried Dan's suit. In addition to admitting the aforementioned deeds into evidence, the trial court heard testimony from Dan and Rita. Dan testified that, when he was in his teens, his father told him numerous times that he

---

[3]Nothing in the record before us indicates whether the trial court, at the time of the divorce, was aware of or otherwise considered the mineral interests in dispute when dividing the estate of the parties.

4

was going to help him with gifts of land and mineral rights. He testified that he never paid any consideration for the properties and believed the conveyances in question were the gifts his father had spoken of years before.

Rita testified that her only conversations with Dan's parents regarding the conveyances occurred when the deeds were originally given to them. Rita further testified that each time they received a deed, she and Dan were required to sign an oil and gas lease. She testified that Dan's parents indicated they were giving the deeds to them both as a married couple. She denied having any conversation with Dan regarding the mineral interests following their divorce.

After hearing the testimony and reviewing the various conveyances, the trial court determined Dan's parents executed the deeds intending gifts. As such, the trial court found that the mineral interests were Dan's sole and separate property. The trial court also found that the divorce decree did not divide or partition the separate property of the parties. Based upon those findings, the trial court entered judgment and Rita appealed.

**Discussion - Issue Three**

For purposes of logical discussion, we will first address Rita's third issue wherein she contends that the evidence offered by Dan at trial failed to establish the separate property character of the mineral interest conveyed by three of the four deeds in dispute.

In the proceedings below, it was Dan's contention that the mineral interests in question were his separate property because they had been acquired by gift from his parents. *See* Tex. Fam. Code Ann. § 3.001(2) (Vernon 2006). The degree of proof necessary to establish that property is separate property is clear and convincing evidence. *Id.* at § 3.003(b) (Vernon 2006). "Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* at § 101.007 (Vernon 2008); *In re J.F.C.* 96 S.W.3d 256, 264 (Tex. 2002). Rita contends that because the first deed contained "gift language," the absence of similar language in the remaining three deeds is some evidence that the grantees did not intend to make a gift by those deeds.

To give appropriate deference to the factfinder's conclusions and the role of this Court in conducting a sufficiency review, we assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. 96 S.W.3d at 266. A corollary to this requirement is that we also disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. *Id.* Based upon this analysis, we are persuaded that the trial court's finding of separate property is such that a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. Issue three is overruled.

6

## Discussion - Issues One and Two

Having concluded that the trial court's finding of separate property does not constitute reversible error, we proceed to consider issues one and two. By issues one and two, Rita contends that Dan's claims are barred by the doctrine of *res judicata* and by the fact that the trial court lacked jurisdiction to alter the prior divorce decree.

A court that renders a divorce decree generally retains continuing subject-matter jurisdiction to clarify and to enforce the decree's property division. Tex. Fam. Code Ann. §§ 9.002, 9.008 (Vernon 2006).[4] Specifically, the court has continuing jurisdiction to "render further orders to enforce the division of property made in the decree of divorce . . . to assist in the implementation of or to clarify the prior order." § 9.006(a).[5]

There are limitations, however, on the enforcement and clarification powers of the court that rendered the divorce decree. For example, "[t]he court may specify more precisely the manner of effecting the property division previously made *if the substantive division of property is not altered or changed*. § 9.006(b) (emphasis added). More specifically, the Family Code provides, in pertinent part, as follows:

---

[4]For convenience, provisions of the Texas Family Code will hereinafter be cited as "§____" and/or "Section____".

[5]Clarifying orders may more precisely specify the manner of carrying out a previously ordered property division so long as the substantive division of the property is not altered. *See McPherren v. McPherren*, 967 S.W.2d 485, 490 (Tex.App.–El Paso 1998, no pet.).

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters or changes the actual substantive division of divorce or annulment *is beyond the power of the divorce court and is unenforceable.*

§ 9.007 (a)-(b) (emphasis added). *See Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003).

Section 9.007 is jurisdictional and orders violating its restrictions are void. *Gainous v. Gainous*, 219 S.W.3d 97, 107-08 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). Thus, where one party seeks to claim a share of an asset that has already been divided in the divorce decree, the claim is barred. *Brown v. Brown,* 236 S.W.3d 343, 349 (Tex.App.–Houston [1st Dist.] 2007, no pet.).[6]

As such, a clarifying order cannot be used to make a substantive change in the decree's property division even if the decree contains a substantive legal error. *Brown,* 236 S.W.3d at 349. Clarification also requires a finding, express or implied, that the original form of the division of property lacks sufficient specificity to be enforced by

---

[6]Not only is there no jurisdiction for an order altering the substantive division of property, a judgment finalizing a divorce and partitioning the property represents *res judicata* to any attempt to relitigate the division of property at a later time. *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex. 2003); *Day v. Day*, 603 S.W.2d 213, 215 (Tex. 1980). The doctrine of *res judicata* applies to a final divorce decree to the same extent that it applies to any other final judgment. *Mayes v. Stewart*, 11 S.W.3d 440, 449 (Tex.App.–Houston [14th Dist.] 2000, pet. denied) (citing *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990)).

contempt. § 9.008(b). If a divorce decree is unambiguous, the court has no authority to alter or modify the original disposition of the property. *Haworth v. Haworth*, 795 S.W.2d 296, 300 (Tex.App.–Houston [14th Dist.] 1990, no writ]. Here, the trial court made no finding, express or implied, that the divorce decree was ambiguous or needed clarification.

Therefore, the critical determining factor here is whether the mineral rights conveyed to Dan during the marriage were divided by the original divorce decree. *Jacobs v. Cude,* 641 S.W.2d 258, 260 (Tex.App.–Houston [14th Dist.] 1982, writ ref'd n.r.e.). Rita contends that because all property acquired during marriage is presumed to be community property, and because Dan did not rebut the community property presumption at the time of divorce, then the mineral interests in question were community property. Rita further contends that even though those interests were not specifically listed in the property schedules incorporated in the divorce decree, the interests were encompassed within the terms of the residuary clause contained within those schedules. By contrast, Dan contends that the plain language of the decree's "division clause" limits the scope of the residuary clause to the "estate of the parties," and because the phrase "estate of the parties" is limited to the community property of the marital estate and does not include separate property, the residuary clause did not operate as to award Rita an interest in the minerals. Simply restated, Rita contends that the decree already divided the mineral interests, whereas Dan contends that the decree did not divide the mineral interests because they have always been his separate property.

9

When interpreting a divorce decree, courts apply the general rules regarding construction of judgments. *Shanks*, 110 S.W.3d at 447. Judgments are construed as a whole to harmonize and give effect to the entire decree. *Gainous*, 219 S.W.3d at 110. If the decree is unambiguous as to the property's disposition, we must effectuate the order in light of the literal language used. *Shanks*, 110 S.W.3d at 447. If the decree is ambiguous, we should review the record along with the decree to aid in interpreting the judgment. *Id.* Whether a divorce decree is ambiguous is a question of law. *Id.*[7]

The plain and unambiguous language of the "division clause" confines the application of the residuary clause to the "estate of the parties." The term "estate of the parties" means the community estate of the parties and does not encompass the separate property of the parties. *Cameron v.* Cameron, 641 S.W.2d 210, 214-15 (Tex. 1982); *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 139 (Tex. 1977). Because a decree of divorce using the term "estate of the parties" makes a division of the community estate only, we find the residuary clause at issue did not encompass any separate property owned by the parties. Therefore, in the final analysis, it comes down to this: Did the trial court, at the time of divorce, intend to award Rita an interest in any undisclosed separate property belonging to Dan? Based upon the foregoing construction, we find that the trial court did not. Accordingly, issues one and two are overruled.

---

[7]A divorce decree is ambiguous when it is uncertain, doubtful, or reasonably susceptible to more than one meaning. *McKnight v. Trogdon-McKnight*, 132 S.W.3d 126, 131 (Tex.App.–Houston [14th Dist.] 2004, no pet.).

## Conclusion

We affirm the judgment of the trial court.


Patrick A. Pirtle
Justice