Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT
















Opinion issued
February 25, 2010                                                  

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00999-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



nanCY D.
RUTHERFORD, appellant

 

V.

 

mICHAEL G.
RUTHERFORD, JR., Appellee

 

 



On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 2007-20734

 

 



MEMORANDUM
Opinion

Appellant,
Nancy D. Rutherford, attempts to appeal the trial court’s grant of appellee’s,
Michael G. Rutherford’s, motion for partial summary judgment.  We dismiss her appeal for want of
jurisdiction. 

Background

           This attempted appeal arises
out of Nancy’s and Michael’s pending divorce case.  Michael filed a motion for partial summary
judgment with respect to the characterization of two financial transactions:  (1) a  2004
distribution of inheritance from his grandfather’s residuary trust (“2004
Distribution”) and (2) a 2005 distribution of inheritance of stock which was
also from his grandfather’s residuary trust (“2005 Stock Distribution”).  On November 3, 2008, the trial court granted Michael’s
motion as to the 2004 Distribution, but denied Michael’s motion with respect to
the 2005 Stock Distribution (“November 3, 2008 order”).  Marsha filed a request for findings of fact
and conclusions of law, which was denied. 
Marsha also filed a Motion to Modify, Correct, or Reform Judgment to
reflect that the November 3, 2008 order was, in fact, an order granting a final
summary judgment.  The record on appeal reflects
no action taken with respect to this motion. 
Marsha now attempts to appeal the November 3, 2008 order granting Michael’s
motion for partial summary judgment with respect to the 2004 Distribution.   

jurisdiction

With few exceptions, an
appeal may only be taken from a final judgment. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  An order or judgment is ordinarily not final
for purposes of appeal unless it actually disposes of every pending claim and
party or clearly and unequivocally states that it finally disposes of all
claims and parties.  Id. at 205; see also Underhill v. Underhill, 614 S.W.2d 178, 181 (Tex. Civ.
App.—Houston [14th Dist.] 1981, writ ref’d n.r.e.). 
The November
3, 2008 order
being appealed granted summary judgment with respect to the 2004
Distribution only; the order did not dispose of, nor did it state that it disposed
of, the remaining property issues, including the 2005 Stock Distribution, or any
other remaining claims in the underlying divorce case.  Thus, the November 3,
2008 order
is not a final order for purposes of appeal. 
 See id.

Moreover, although civil litigants
may ordinarily ask the trial court to sever unresolved causes of action in
order to render an order granting partial summary judgment final and
appealable, severance is not available in the present case.  See
Dawson-Austin v. Austin, 968 S.W.2d 319, 324 (Tex. 1998) (stating claim for
division of martial property not severable from rest of divorce proceeding); see also Hollaway v. Hollaway, 792 S.W.2d 168, 170 (Tex.
App.—Houston [1st Dist.] 1990, writ denied) (stating that trial court may not
sever property division from divorce action); Tex.
Fam. Code Ann. § 7.001 (Vernon Supp. 2009) (“in a decree of divorce
. . . the court shall order a division of the estate of the parties.”)

The
November 3, 2008 order is a non-appealable, interlocutory order.  Appellant does not cite, nor have we found, any statutory
basis for our jurisdiction to consider her interlocutory appeal.  See
Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2009) (listing interlocutory
orders from which interlocutory appeal may be taken); Jack B. Anglin Co.
v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992)  (holding that Texas
appellate courts only have appellate jurisdiction over appeals from final orders or judgments, unless statute
permits appeal from interlocutory order).  Accordingly, we hold that we do not have
jurisdiction to consider this appeal.  See Tex. R. App. P. 42.3(c) (allowing
involuntary dismissal of appeal for lack of jurisdiction upon party’s motion).  We grant Michael’s motion to dismiss. 

CONCLUSION

We dismiss this
appeal for want of jurisdiction.

 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.